

```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
         SOUTHERN DIVISION
```

97 JAN -3 AM 9: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

MINNIE ANDERSON, ET AL.,            }
                                    }
    Plaintiffs                      }
                                    }      CIVIL ACTION NO.
    vs.                             }
                                    }      96-AR-2703-S
METROPOLITAN LIFE INSURANCE         }
COMPANY, ET AL.,                    }
                                    }
    Defendants                      }



## MEMORANDUM OPINION

Several motions in the above-entitled case were heard at this court's motion docket on December 27, 1996.

The fact that federal and state courts have concurrent jurisdiction over ERISA-governed cases has created the grandmother of all anomalies in Alabama, a state in which the Alabama Supreme Court has clearly gone one way while the Eleventh Circuit has just as clearly gone another in ERISA-related cases. Until the Alabama Supreme Court diverged, it looked as though insurance companies, plan administrators, employers and other possible ERISA fiduciaries within the boundaries of Alabama not only had instant access to the federal courts but, even if they slipped up and failed timely to remove to a federal court, they had all of the advantages in the state court that these removing defendants, Metropolitan Life Insurance Company and the Travelers Insurance Company, seek to

15

avail themselves of in this court, and then some.

Certainly, no one, especially this graduate of hard-ball school, can fault a litigant for seeking the most favorable available forum and for then exploiting every favorable applicable rule of law. To do otherwise likely would constitute malpractice. This is exactly what Metropolitan and Travelers have done here. Most ERISA targets would want to avoid jury trial and would crave the elimination of exposure to tort-like damages, especially punitive damages of the kind that they would face in an Alabama court. *See Haywood v. Russell Corp.*, 584 So. 2d 1291 (Ala. 1991), and *Ex parte Metropolitan Life Insurance Company*, 679 So. 2d 686 (Ala. 1996), wherein the Alabama Supreme Court agrees with the undersigned's earlier ERISA musings, subsequently repudiated by the Eleventh Circuit but encouraged in the Alabama courts by the denial of certiorari in *Weems v. Jefferson-Pilot Life*, 663 So. 2d 905 (Ala. 1995), *cert. denied*, __ U.S. __, 116 S. Ct. 434 (1995).

ERISA "super-duper" preemption may still exist despite the serious erosion caused by decisions like *Johnson v. Watts Regulator Company*, 63 F.3d 1129 (1st Cir. 1995); *Morstein v. National Insurance Services, Inc.*, 93 F.3d 715 (11th Cir. 1996); *McLeod v. Oregon Lithoprint, Inc.*, 46 F.3d 956 (9th Cir. 1995), *vacated and remanded*, __ U.S. __, 116 S. Ct. 1346 (1996) (judgment vacated and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *Varity Corporation v.*

2

*Howe,* 516 U.S. \_\_, 116 S. Ct. 1065); *Algie v. RCA Global Communications, Inc.,* 891 F. Supp. 875, 891 F. Supp. 870, 891 F. Supp. 839 (S.D. N.Y. 1994); and *Wolf v. Reliance Standard Life Ins. Co.,* 71 F.3d 444 (1st Cir. 1995). Not only has defendant Metropolitan, the loser in *Ex parte Metropolitan, supra*, run from Alabama's concurrent ERISA jurisdiction but has filed the proper checklist of motions: (1) motion to dismiss all state law claims; (2) overlapping motion to dismiss all claims for extracontractual damages; (3) motion to strike plaintiffs' jury demand; (4) motion to dismiss for failure to exhaust administrative remedies; and (5) overlapping motion to dismiss for failure to state an ERISA claim.

It is easy to detect an increasing awareness by the appellate bench that the Congressional purpose for enacting ERISA has been subverted by judges' narrow construction of ERISA in a way to make realistic or adequate relief for mistreated plan beneficiaries virtually impossible. Until Congress wakes up to this subversion, or until the courts put a definition on the "federal common law" of ERISA that makes sense, courts will continue to wallow in the ERISA mire and to proceed through the ERISA seas without a rudder.

As best this court can read the Eleventh Circuit's current ERISA jurisprudence, this court is bound to dismiss all state claims against Metropolitan and Travelers, including all claims for extracontractual damages, without knowing what, if anything, is left. Perhaps there will be come clarification before trial. Many

3

courts obviously think that a plan participant, even though grossly victimized, has no access to court unless he has first exhausted himself in the procedural morass, and unless the decider has been given no discretion whatsoever or has a serious conflict of interest.  In the worse case scenario from the participant's point of view, a fiduciary can deny a claim with absolute impunity.  Today, it would be malpractice for the draftsperson of an ERISA plan not to provide broad discretion in the claims decider, and to provide a nice set of procedural hurdles for the claimant, ending, of course, with binding arbitration.  If under this extreme view of ERISA a plan participant should somehow obtain the benefits to which he is contractually or equitably entitled, some courts would nevertheless deny him attorneys fees, because fees to a prevailing ERISA plaintiff are not automatic as they are in Title VII.  The glimpses of hope for beneficiaries that appear in some of the recent cases to which the Alabama Supreme Court seems to have subscribed, makes this court want to stay around awhile to see what happens.

Based on the allegations in this particular complaint, there were enough frustrating events created by Metropolitan to excuse plaintiffs' apparent non-exhaustion as a Rule 12(b)(6) defense, although further factual development may lead this court later to dismiss plaintiffs' action without prejudice to an exercise of some legitimate, non-futile administrative review conducted expedi-

4

tiously and without a bunch of bureaucratic nonsense.

An appropriate separate order will be entered.

DONE this 2nd day of January, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5