IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATIE GILBERT ANDERSON, as
personal representative of
the estate of MINNIE
ANDERSON, deceased

    Plaintiff

vs.

METROPOLITAN LIFE INSURANCE
COMPANY, et. al,

    Defendants

CIVIL ACTION NO.

CV-96-AR-2703-S

**FILED** 98 JAN 21 PM 1:25 U.S. DISTRICT COURT N.D. OF ALABAMA

**ENTERED** JAN 21 1998

MEMORANDUM OPINION

The court has before it a timely petition for attorneys fees filed by plaintiff, Katie Gilbert Anderson ("Anderson"), as personal representative of the estate of Minnie Anderson, deceased.[1] Also before the court is defendants' motion for reconsideration of this court's order holding that Anderson is entitled to attorney's fees. Anderson seeks attorney's fees pursuant to that provision of the ERISA statute which gives the court discretion to award fees to a prevailing party. 29 U.S.C. § 1132(g). Upon reflection the court finds that defendants' motion should be DENIED and that plaintiff is entitled to recover $14,760 in attorney's fees and any costs associated with this lawsuit only; plaintiff is <u>not</u> entitled to recover the costs associated with probating the will of Ms. Minnie Anderson.

---

[1] Unless necessary for the sake of clarity, the court will refer to the personal representative and to the deceased collectively as "Anderson."

55

### I. Defendants' Motion To Reconsider

Defendants argue that this court should reconsider its award of attorney's fees to Anderson because this court found no evidence of bad faith by defendants. Defendants are reminded that there are five factors, including the existence of bad faith, that "should <u>guide but not control</u> the district court[]" when accessing a fee request under ERISA. *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 849 (11th Cir. 1990) (emphasis supplied) (citations omitted). Therefore the absence of bad faith is not the controlling factor.

Moreover, defendants seem unwilling to recognize the part they played in forcing Anderson to seek legal counsel. Defendants never precisely indicated the address to which Anderson was to mail her appeal of defendants' benefit denial. This court is convinced that Anderson probably would not have obtained any death benefits whatsoever had she not obtained legal counsel. However, even after she obtained counsel, defendants never responded to repeated inquiries from Anderson's attorney regarding her request for benefits. Consequently, filing a lawsuit became Anderson's only means of getting the defendants' attention. Given these facts, along with the "remedial purpose [of ERISA]: to protect the beneficiaries of private pension plans," *Nachwalter v. Christie*, 805 F.2d 956, 962 (11th Cir.

2

1986), this court reaffirms its decision to grant Anderson attorney's fees.

In support of their argument that the absence of bad faith makes fee recovery unwarranted, defendants direct the court to several cases including *Andrews v. Employees' Retirement Plan of First Alabama Bancshares, Inc.*, 938 F.2d 1245 (11th Cir. 1991), where the Eleventh Circuit reversed a lower court's award of attorney's fees because there was no bad faith. In that case, the insurance company was faced with two death benefit claimants: the decedent's widow and the decedent's former spouse. <u>Recognizing its obligation to pay death benefits</u>, the insurance company deposited the monthly benefit payments with the court, while awaiting the outcome of the litigation. *Id.* at 1248. The Eleventh Circuit found the lack of bad faith dispositive, on the fee recovery claim, because the insurance company "recogniz[ed] its obligation to pay...." *Id.* Defendants cannot favorably compare their conduct with the conduct of the defendant in *Andrews*. Accordingly, defendants' motion is due to be denied.

## II. Fee & Costs Petition

This court must next consider Anderson's fee and costs petition. Anderson requests fees in the amount of $24,600 (164 hours billed at $150 per hour) and $615.20 in costs. This court

3

agrees with defendants' assertion that the fees and costs are excessive and therefore should be reduced.

In his fee petition Anderson's attorney certifies that he has practiced law for twenty-two years and that he has regularly handled insurance claims, including ERISA claims, since shortly after he became licensed to practice law.  Given his experience, the court finds excessive the amount of time billed for performing very elementary tasks such as researching and drafting the complaint (over eight hours) and drafting the amended complaint  Fee Petition, Ex. A. at 2, 3 - 4.

In reducing the fee and costs recovery, this court also recognizes several other pertinent facts.  First, Anderson did not prevail on several of her originally asserted claims. Second, the relatively small amount of Anderson's recovery ($3,000 in benefits and $550 in prejudgment interest), justifies careful scrutiny of her attorney's $24,600 fee petition. Finally, any legal fees and costs associated with the probate of Ms. Minnie Anderson's will should not be taxed against the defendants.

The other side of the coin reflects that an ERISA beneficiary who has every reason to be disappointed with the

4

relief available to her under ERISA, has as her only bargaining tool the possibility that the intransigent fiduciary will have to pay the legal costs of the collection proceedings.

### III. Conclusion

Accordingly, the court reduces the fee request by forty percent (40%) and awards Anderson $14,760 in fees. Anderson may recover costs associated with this lawsuit only. A separate appropriate order will be entered.

DONE this 21st day of January, 1998.

                                         _____
                                         WILLIAM M. ACKER, JR.
                                         UNITED STATES DISTRICT JUDGE